UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENAIDA SONSA LAFLAM,<br><br>                          Plaintiffs,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                          Defendant. | Case No.: 16-cv-1503-AJB-NLS<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. No. 25) |

Before the Court is Plaintiff Zenaida Sonsa Laflam's Counsel's ("Counsel") motion for attorney's fees pursuant to section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (Doc. No. 25.) Defendant Andrew Saul, the Commissioner of Social Security ("Commissioner"), neither assents nor objects to the requested fees. (Doc. No. 26.) For the reasons set forth, the Court **GRANTS** Counsel's motion.

## I.    <u>BACKGROUND</u>

On June 15, 2016, Plaintiff filed a complaint, seeking judicial review of the Commissioner's decision to deny her claim for benefits. (Doc. No. 1.) Thereafter, the parties filed their respective motions for summary judgment. (Doc. Nos. 13, 14.)

On February 28, 2017, Magistrate Nital L. Stormes filed a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for summary judgment be granted, that the Commissioner's cross-motion for summary judgment be denied, and that the action be remanded for further administrative proceedings. (Doc. No. 18.) Upon review of the R&R and receiving no objections from the parties, the Court adopted Magistrate Judge Stormes' R&R in its entirety. (Doc. No. 19.)

Pursuant to the parties' joint motion, the Court subsequently ordered payment of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,632. (Doc. No. 24.) On remand, an administrative law judge found Plaintiff disabled, resulting in an award of approximately $95,428 in past-due benefits. (Doc. Nos. 25 at 3, 26 at 3.) Plaintiff was then notified in a Notice of Award that $23,857.50, which represents 25 percent of past-due benefits, was being withheld in case the Social Security Administration needs to pay her representative. (Doc. No. 25-3 at 3.) The instant motion for attorney's fees under 42 U.S.C. § 406(b) for Counsel's representation of Plaintiff before this Court follows.

## II.   LEGAL STANDARD

Title II of the Social Security Act, 42 U.S.C. § 401 et seq., governs the award and collection of fees by attorneys representing claimants seeking old-age, survivor, or disability insurance benefits. In particular, 42 U.S.C. § 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court. Under section 406(b), the fees an attorney may charge a Social Security claimant for representation in court are laid out, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

The fee is paid by the claimant out of the past-due benefits awarded, and the losing party is not responsible for payment. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," *id.* at 806, the court-awarded fee is the only way a successful attorney may recover fees for work performed before the district court. Indeed, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. 42 U.S.C. § 406(b)(2).

In evaluating the requested fees, the Supreme Court held that district courts must conduct "an independent check" on contingency fee agreements between claimants and their attorneys "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Ninth Circuit reiterated this approach in *Crawford v. Astrue*, stating that "[c]ourts must "approach § 406(b) fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (alternations omitted) (citing *Gisbrecht*, 535 U.S. at 808). In reviewing the fee agreement, the court considers "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* The court analyzes the "the character of the representation and the results the representative achieved" and "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151 (internal quotation omitted) (citing *Gisbrecht*, 535 U.S. at 808). The court may consider the lodestar calculation "*only as an aid* in assessing the reasonableness of the fee." *Id.*

### III.   DISCUSSION

Counsel requests the Court to order payment of $20,000 in attorney's fees, with a credit to Plaintiff for the $4,632 previously paid under the EAJA. (Doc. No. 25 at 1.) Upon careful consideration of the fee agreement and testing it for reasonableness, the Court's independent check demonstrates that the requested fees are reasonable in light of the

3

particular circumstances of this case. *See Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1149.

First, Counsel seeks exactly a fee of 25% of the past due benefits paid or payable to Plaintiff. (Doc. No. 25 at 5.) Thus, the request is within the statutory and contract-based maximum of 25% of past-due benefits. Second, considering the awards in other social security cases, the Court finds that 26.3 hours was a reasonable amount of time expended for the successful litigation of this case, and that an effective hourly rate ranging from $763.35 to $839.74[1] does not amount to a windfall as a matter of law. *See, e.g., Knudsen v. Colvin*, 2015 WL 4205319, at *2 (C.D. Cal. July 10, 2015) (hourly rate of $973.78 for 26.7 hours of work was reasonable). Further evidencing reasonableness, the requested $20,000 in attorney's fees is $3,857 less than that withheld by the Social Security Administration in anticipation of Counsel's claim. (Doc. No. 25-3 at 3.) Third, as demonstrated by the grant of Plaintiff's motion for summary judgment, Counsel clearly devoted careful time and attention to this case. There is no indication of substandard performance or delay. *See Crawford*, 586 F.3d at 1151. As such, the Court finds that neither the character of the representation nor the results achieved in this case warrant a finding of unreasonableness or a reduction in the requested fees. *See id.* Moreover, as previously mentioned, the Commissioner does not oppose Counsel's request, but instead states that it takes no position on whether the fee is reasonable under applicable case law. (Doc. No. 26 at 2–3.) Consequently, based on the foregoing, the Court finds that Counsel's requested fees in the amount of $20,000 is reasonable under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1149.

Lastly, the Court considers the effect of the previously awarded EAJA fees. *See Gisbrecht*, 535 U.S. at 796. According to the Supreme Court, "an EAJA award offsets an

---

[1] Counsel represents that the effective hourly rate is $763.35, while the Commissioner represents that it is $839.74. *Compare* (Doc. No. 25 at 6), *with* (Doc. No. 26 at 4 n.3). The discrepancy, however, is inconsequential as the Court finds both to be reasonable for the reasons stated in this section.

award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* As the Commissioner illustrates, "should the Court find that Counsel's request is reasonable, it would award Counsel § 406(b) fees and order Counsel to refund to Plaintiff the $4,632.00." Thus, having found that Counsel's requested section 406(b) fees is reasonable, the Court further finds that a $4,632 set-off to account for the EAJA fees awarded is appropriate.

## IV.   CONCLUSION

Accordingly, for the reasons stated, the Court **GRANTS** the instant motion and awards Plaintiff's counsel, Monica Perales of the Law Offices of Lawrence D. Rohlfing, the sum of $20,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 25.) The Court further **DIRECTS** Counsel to refund $4,632 to Plaintiff to offset the previously granted EAJA fees—thereby resulting in a net amount of $15,368 in section 406(b) fees for Counsel.

**IT IS SO ORDERED**.

Dated: January 14, 2021

Hon. Anthony J. Battaglia
United States District Judge